IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**WILLIE JAMES MORGAN,**

    **Petitioner,**

**v.**                                                     **Civil No.: 5:19CV301**
                                                        **JUDGE BAILEY**

**R. HUDGINS, Warden**

    **Respondent**.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 25, 2019, the pro se Petitioner, Wille Morgan ("Morgan") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Morgan has satisfied the $5 filing fee. ECF No. 8. Morgan is a federal inmate who was housed at FCI Gilmer when he filed this petition and is challenging the validity of his sentence from the United States District Court for the Northern District of Florida. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

  **A.  Conviction and Sentence**

On May 15, 2012, a grand jury sitting in the Northern District of Florida returned

---

[1] Unless otherwise noted, the information in this section is taken from Morgan's criminal docket available on PACER and all ECF numbers are from that case. See United States v. Morgan, No. 5:12-cr-00005-MW-CJK ). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

a fifteen-count second superseding indictment against Morgan and eleven co-defendants. ECF No. 160. Morgan faced charges of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(a)(ii) and 21 U.S.C. § 846 (Count One) and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) ( Count Fourteen). Only Morgan and one other codefendant elected to go to trial, which began on September 17, 2012. Three days later, on September 20, the jury returned guilty verdicts against Morgan on both counts. ECF Nos. 597, 518, 520, 521, 522.

On December 14, 2012, a final Presentence Investigation Report was filed. ECF No. 473. Based on information obtained from trial testimony and post-arrest statements from various individuals, the probation officer believe that Morgan should be held accountable for approximately 17.8 kilograms of cocaine. Using a conservative estimate, from January 2011, until February 12, 2012, Morgan maintained a steady nine ounce supply of cocaine every week (58 weeks x 9 ounces= 522 ounces, or 14.8 kilograms). Adding the 3 kilograms of cocaine sold after Yamura Hudson's arrest, yielded a total of 17.8 kilograms. The 2011 Guidelines Manual was used to determine Morgan's offense level. Counts 1 and 14 were grouped together because Count 14 embodied conduct that is treated as a specific offender characteristic in the guidelines applicable to Count 1. (USSG § 3D1.2(c).  Morgan's Base Offense Level was determined by USSG § 2D1.1 of the guidelines. That section provides that an offense involving at least 15 kilograms, but less than 50 kilograms of cocaine, has a base offense level of thirty-four. However, because Morgan had at least two prior felony convictions of either a crime of violence or a controlled substance offense, he was deemed a career offender. The offense level for career offender is 37 pursuant to USSG § 4B1.1. Because Morgan was a career

offender, his criminal history category was VI pursuant to USSG § 4B1.1(b). For purposes of sentencing, the statutory minimum term of imprisonment on Count 1 was twenty years and the maximum enhanced term was life. The maximum enhanced term of imprisonment on Count 14 was 10 years. Based upon a total offense level of thirty-seven and a criminal history category of VI, the guideline imprisonment range was 360 months to life. On December 19, 2012, after finding that Morgan was a career offender, the court sentenced him to imprisonment for 360 months as to Count One and 120 months as to Count 14, to be served concurrently.

### B.  Appeal and § 2255

Morgan filed a timely notice of appeal. ECF No. 492. On February 6, 2014, the Eleventh Circuit affirmed his conviction and sentence. ECF No. 654. Morgan did not petition for certiorari, and his sentence became final ninety days later.

On March 13, 2015, Morgan filed a timely Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 737. In summary, Morgan raised several allegations of ineffective assistance of counsel for (1) advising him to sign a confession under duress, (2) failing to investigate or interview witnesses favorable to the defense, (3) mispleading him about the drug amount he faced, thereby causing him to forgo a plea offer from the Government, (4) failing to object to a variance from the indictment during trial, (5) failing to object to the Juror #10 on the grounds of a potential conflict of interest and sleeping during trial, (6) failing to cross-examine Government witness Freddie Knowles, (7) failing to object to the drug amount during sentencing, (8) failing to object to his designation as a Career offender under Descamps, and (9) failing to argue that the career offender designation violates the equal protection clause. Following review of a Report and Recommendation issued by the United State Magistrate Judge on October 25, 2017, the

District Judge accepted and adopted the same and denied the § 2255. In addition, a Certificate of Appealability was denied. ECF No. 917.

On February 2, 2018, Morgan filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582. ECF No. 925. On February 5, 2018, the district judge entered an order denying Morgan's request for sentence reduction because his guideline range was based on his status as a career offender, not based on the drug guideline that was reduced by Amendment 782. More specifically, the district judge noted that a district court must not reduce a sentence of a defendant whose range has not been lowered. Because the career offender guideline range has not changed, Morgan was not eligible for reduction. ECF No. 926.

### C. Morgan's Claims

In support of his § 2241 petition before this Court, Morgan alleges that he was charged with an offense where there was insufficient evidence to prove it in violation of the due process clause. More specifically, he alleges he was charged with conspiracy and had a greater quantity of drugs attributed to him that he was personally responsible for, and this raised his sentence exposure exponentially. ECF No.1 at p. 5. Morgan argues that considering Apprendi v. New Jersey, 530 U.S. 466 (2000), every fact that increases the prescribed statutory maximum penalty to which a criminal defendant is exposed must be submitted to a jury and proven beyond a reasonable doubt.  For relief, Morgan requests that this Court vacate his sentence and resentence him without the greater drug quantity.

### III. LEGAL STANDARDS

#### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Morgan's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a pro se litigant, Morgan's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Morgan is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

#### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Morgan unequivocally challenges the validity of his sentence and not the execution of his sentence, as such his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The

law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled

law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id.  In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014),  aff'd, 573 Fed.Appx. 268 (4th Cir. 2014).

## IV. ANALYSIS

Although Morgan raises the savings clause, he is not entitled to its application. Although Morgan alleges that his sentence was improperly based on a quantity of drugs which was not found by the jury, his sentence was not impacted by the quantity of drugs and Apprendi has no application of this case. Moreover, even if it did, Morgan could not

meet the second prong of the Wheeler test because Apprendi was decided in 2000, more than twelve years before he was sentenced.

As previously noted, Morgan's sentence was based on the guidelines applicable to career offenders.[2] Because Morgan is challenging his sentence, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits. In this case, even if Morgan met the first, second, and third prongs of Wheeler, he cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, his sentence now presents an error sufficiently grave to be deemed a fundamental defect. See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018). In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker, when the sentencing Guidelines were mandatory. Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong. Id. at 715 ("Foote[3]

---

[2] A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. 4B1.2.

[3] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255. The Foote Court concluded that such a claim was not cognizable under § 2255. Foote, 784 F.3d at 932. In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental

undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines."). This is so because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716. Because Morgan was sentenced under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of those guidelines, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Morgan cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

---

defect which inherently results in a complete miscarriage of justice.'" Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice. Id. at 940, 944.

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

Morgan shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Morgan by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  March 10, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE